# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERL SIMPSON,<br><br>    Petitioner,<br><br>    v.<br><br>B.M. TRATE,<br><br>    Respondent. | Case No. 1:22-cv-00631-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner currently is in the custody of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Atwater, California ("USP Atwater"). (ECF No. 1 at 2.)[1] In the instant petition for writ of habeas corpus, Petitioner challenges the BOP's authority to set a schedule of restitution payments. Petitioner states that the BOP currently has him paying $25 per month, which he claims is in violation of his criminal judgment. (ECF No. 1 at 2–3.) Respondent filed a motion to dismiss and response, asserting that habeas relief is not warranted because BOP's collection schedule stems from Petitioner's criminal judgment and his voluntary

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

participation in the BOP's Inmate Financial Responsibility Program ("IFRP"). (ECF No. 7.) Petitioner has filed an opposition. (ECF No. 8.)

## II.

## DISCUSSION

Petitioner challenges the BOP's authority to set a schedule of restitution payments. Petitioner states that the BOP currently has him paying $25 per month, which he claims is in violation of his criminal judgment. (ECF No. 1 at 2–3.) Petitioner's criminal judgment provides in pertinent part: "When incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program." (Id. at 19.) Petitioner requests that he be placed on the IFRP program at $25 quarterly, as ordered by the sentencing court. (Id. at 5.)

The Ninth Circuit previously addressed an identical issue in United States v. Lemoine, 546 F.3d 1042 (9th Cir. 2008), upon which Respondent relies in arguing that dismissal of the petition is appropriate. (ECF No. 7 at 3.) Lemoine's criminal judgment ordered him to pay restitution during incarceration "at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program." Id. at 1044. Lemoine's participation in the IFRP required him to pay restitution at a rate of $132 per month. Lemoine challenged the BOP's authority to require payment higher than the court's schedule, and the Ninth Circuit held:

> [W]here the district court has properly set a restitution repayment schedule as required under the MVRA, the BOP has the authority to encourage voluntary payments in excess of those required under the court's judgment by conditioning the receipt of certain privileges during the term of imprisonment on the inmate's participation in the IFRP.

Lemoine, 546 F.3d at 1050.

In the opposition, Petitioner asserts that "the United States is attempting to mislead and undermine this Honorable Court in rendering a decision in opposite of circuit precedent set in Ward v. Chavez[2] and United States v. Gunning[3] . . . by assuming self-delegation of arbitrarily

---

[2] Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012).
[3] United States v. Gunning, 401 F.3d 1145 (9th Cir. 2005).

1 setting restitution payments not ordered by the court-of-conviction" and contends that <u>Lemoine</u>
2 "is not controlling precedent and has been overruled by Ward v. Chavez." (ECF No. 8 at 2.)

3       In <u>United States v. Gunning</u>, the Ninth Circuit "reiterate[d] that the scheduling of
4 restitution payments is non-delegable" under the Mandatory Victims Restitution Act of 1996
5 ("MVRA") and stated that "the district court simply does not have the authority to delegate its
6 own scheduling duties—not to the probation office, not to the BOP, not to anyone else." 401
7 F.3d at 1150. In <u>Ward v. Chavez</u>, the Ninth Circuit found "that a sentencing court must consider
8 the defendant's financial resources in setting a restitution payment schedule, and, if the
9 defendant is unable to pay restitution immediately, the court cannot simply order 'immediate'
10 repayment and leave the details of the actual payment schedule to the BOP or Probation." 678
11 F.3d at 1052. Contrary to Petitioner's assertion, <u>Ward</u> did not overrule <u>Lemoine</u>. See <u>Ward</u>, 678
12 F.3d at 1047–49.

13       Petitioner's criminal judgment specifically stated: "When incarcerated, payment of
14 criminal monetary penalties are due during imprisonment at the rate of *not less than* $25 per
15 quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility
16 Program." (ECF No. 1 at 19 (emphasis added).) Here, there is no dispute that the sentencing
17 court properly set a restitution repayment schedule as required under the MVRA. In such
18 circumstances, the Ninth Circuit has held that "the BOP has the authority to encourage voluntary
19 payments in excess of those required under the court's judgment by conditioning the receipt of
20 certain privileges during the term of imprisonment on the inmate's participation in the IFRP."
21 <u>Lemoine</u>, 546 F.3d at 1050. Accordingly, the Court finds that Petitioner is not entitled to habeas
22 relief.

### III.

### RECOMMENDATION AND ORDER

25     As Petitioner has failed to state a claim upon which relief can be granted, the Court
26 HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition
27 for writ of habeas corpus be DISMISSED.
28 ///

1    Further, the Clerk of Court is DIRECTED to randomly assign this action to a District
2  Judge.
3    This Findings and Recommendation is submitted to the assigned United States District
4  Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
5  Rules of Practice for the United States District Court, Eastern District of California. Within
6  **THIRTY (30) days** after service of the Findings and Recommendation, any party may file
7  written objections with the court and serve a copy on all parties. Such a document should be
8  captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the
9  objections shall be served and filed within fourteen (14) days after service of the objections. The
10 assigned United States District Court Judge will then review the Magistrate Judge's ruling
11 pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within
12 the specified time may waive the right to appeal the District Court's order. Wilkerson v.
13 Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th
14 Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 29, 2022**

UNITED STATES MAGISTRATE JUDGE

4